**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lana E. Marcussen,<br><br>    Plaintiff,<br><br>vs.<br><br>Kathleen Sebelius, et al.,<br><br>    Defendants. | No. CV 12-01695-PHX-FJM<br><br>**ORDER** |

The court has before it the State defendants' motion to dismiss (doc. 11), plaintiff's response (doc. 22), and the State defendants' reply (doc. 23); defendant Steven Klump's motion to dismiss (doc. 24), plaintiff's response (doc. 29), and Klump's reply (doc. 33); defendant Kathleen Sebelius' motion to dismiss (doc. 25), plaintiff's response (doc. 28), and Sebelius' reply (doc. 30); defendant Michael Fontanarosa's motion to dismiss (doc . 21); and the Arizona Attorney General's motion to dismiss (doc. 35), plaintiff's motion to strike the Attorney General's motion to dismiss (doc. 36), the Attorney General's objection to the motion to strike (doc. 37), plaintiff's reply in support of the motion to strike (doc. 38); and plaintiff's motion to take judicial notice (doc. 39).

**I.**

This case arises out of a 1999 child custody and support order issued by a New Mexico state court. Plaintiff contends that her constitutional rights were violated by the

1  issuance of the order requiring her to pay child support for her then minor child. As best we
2  can tell, plaintiff contends that when the New Mexico state courts applied the federally
3  mandated child support program called the Temporary Assistance to Needy Families Act
4  ("TANF") in the child custody and support proceedings, it caused her and her son to be
5  "treated like Indians," Complaint ¶ 42, in violation of her constitutional right to due process
6  and equal protection. Apparently plaintiff believes that the real constitutional basis of
7  federally mandated programs like TANF is the "insidious plenary territorial power as
8  expressed through the Indian Commerce Clause," Response to State Defendant's MTD at 7,
9  and that somehow these mandates "revert the state courts back into being nothing more than
10 Article I territorial courts subject to the complete control of Congress and the
11 administration." Id.

12    In December 1999, plaintiff's license to practice law in New Mexico was suspended
13 for failure to pay child support. Plaintiff moved to Arizona in 1999, after the child support
14 order was issued. In 2011, the enforcement of the New Mexico child support order was
15 transferred to Arizona under the Uniform Interstate Family Support Act, 42 U.S.C. § 666.
16 Plaintiff was incarcerated by order of the Superior Court of Arizona in Maricopa County on
17 July 25, 2012 for failure to pay child support.

18    Plaintiff filed this action against the Secretary of Health and Human Services, the
19 Arizona Attorney General, the Maricopa County Superior Court Commissioner, the Acting
20 Director of the New Mexico Child Support Enforcement Division, and plaintiff's ex-
21 husband. She asks this court to declare the TANF federal mandate unconstitutional and for
22 unspecified damages.

23                                    **II.**

24                              **A. Rooker-Feldman**

25    All defendants move to dismiss this action under Rules 12(b)(1) and 12(b)(6),
26 asserting that the Rooker-Feldman doctrine prohibits jurisdiction over any case that requires
27 a federal court to review a state court decision. See Reusser v. Wachovia Bank, 525 F.3d
28 855, 858-59 (9th Cir. 2008); see also D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-

1  86, 103 S. Ct. 1303, 1315-17 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44
2  S. Ct. 149, 150 (1923). "The clearest case for dismissal based on the Rooker-Feldman
3  doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous
4  decision by a state court, and seeks relief from a state court judgment based on that decision."
5  Henrichs v. Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007) (quotation marks omitted).
6  Alternatively, a federal action may constitute a *de facto* appeal where "claims raised in the
7  federal court action are 'inextricably intertwined' with the state court's decision such that the
8  adjudication of the federal claims would undercut the state ruling." Bianchi v. Rylaarsdam,
9  334 F.3d 895, 898 (9th Cir. 2003).

10  Plaintiff contends that she is not challenging a specific state court judgment, but
11  instead is only challenging the constitutionality of the federal child support mandates.
12  Plaintiff's interest in the issue (and therefore her standing to assert the claims) is directly
13  derived from, and inextricably intertwined with, the child custody and support orders issued
14  by the New Mexico state courts. Notwithstanding plaintiff's characterization, these claims
15  are a *de facto* challenge to the state court's order and enforcement of the New Mexico child
16  support order. Plaintiff's ultimate goal is to attack the validity of the child support order
17  issued by the State of New Mexico and now enforced by the State of Arizona. This is a
18  collateral attack on state court judgments, which is prohibited by the Rooker-Feldman
19  doctrine. All defendants' motions to dismiss are granted on this basis.

20  Even if we did not construe the Rooker-Feldman doctrine as a bar to this action, we
21  would nevertheless grant the defendants' motions to dismiss for many reasons.

## B. Kathleen Sebelius

23  Plaintiff contends that Kathleen Sebelius, the Secretary of Health and Human
24  Services, "applied a race based law," presumably referring to the Indian Child Welfare Act.
25  No plausible claim is asserted against the Secretary of Health and Human Services; the
26  Secretary was not sufficiently served; all of the allegations against the Secretary are outside
27  the statute of limitations; and plaintiff has failed to demonstrate that the United States
28  government has waived its sovereign immunity with respect to this claim. Therefore,

1  defendant Sebelius' motion to dismiss is granted on these alternative bases (doc. 25).

## C. Stephen Klump

Plaintiff asserts that defendant Stephen Klump, as acting director of the New Mexico Child Support Enforcement Division (NMCSED), is responsible for any and all actions taken by NMCSED employees, including the decision in November 2011 to send the contested 1999 New Mexico child support order to Arizona for enforcement under the Uniform Interstate Family Support Act. Plaintiff contends that this current enforcement effort by Klump causes the ongoing deprivation of her due process and equal protection rights.

In addition to this case being barred by Rooker-Feldman, Klump's motion to dismiss is alternatively granted because this court lacks personal jurisdiction over him; Klump cannot be sued in his official capacity for monetary relief under 42 U.S.C. § 1983; plaintiff has failed to allege any conduct by Klump that could have violated plaintiff's rights, and therefore plaintiff has failed to state a plausible claim against Klump. Fed. R. Civ. P. 12(b)(6).

## D. Julie Newell

Plaintiff asserts claims against Julie Newell, Maricopa County Superior Court Commissioner, related to Newell's efforts to enforce the 1999 child support order in Arizona. The claims against Commissioner Newell must be dismissed because Newell was acting as a judicial officer while applying state law and she is therefore entitled to absolute immunity. In addition, Newell is sued in her official capacity and is therefore immune from suit under the Eleventh Amendment. Finally, plaintiff fails to state a plausible claim against Newell for which relief can be granted. Fed. R. Civ. P. 12(b)(6). Newell's motion to dismiss is granted (doc. 11).

## E. Thomas Horne

Plaintiff's motion to strike Horne's motion to dismiss is inappropriate. A motion to strike under Fed. R. Civ. P. 12(f) is limited to pleadings. A motion is not a pleading. See Fed. R. Civ. P. 7(a). Plaintiff's objections to the motion to dismiss should have been included in a response to the motion, not a motion to strike. LRCiv 7.2(m). Horne's delay

in answering the complaint is reasonably attributed to plaintiff's filing of an improper and incomplete proof of service. Accordingly, we deny plaintiff's motion to strike (doc. 36). Plaintiff's failure to comply with the rules does not justify an extension of time to respond to Horne's motion to dismiss.

Horne's motion to dismiss is granted (doc. 35). Not only are plaintiff's claims barred by the Rooker-Feldman doctrine, but in his official capacity, Horne is immune from suit under the Eleventh Amendment, and in his personal capacity is entitled to qualified immunity. Further, plaintiff has failed to allege any plausible claims against Horne for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

### E.  Michael Fontanarosa

Plaintiff asserts no allegations against Fontanarosa. Therefore, Fontanarosa' motion to dismiss for failure to state a claim is granted (doc. 21).

### III.  Conclusion

**IT IS ORDERED GRANTING** all defendants' motions to dismiss (docs. 11, 21, 24, 25, 35).

**IT IS FURTHER ORDERED DENYING** plaintiff's motion to strike the Arizona Attorney General's motion to dismiss (doc. 36).

**IT IS FURTHER ORDERED GRANTING** plaintiff's motion to take judicial notice (doc. 39).

The clerk shall enter final judgment.

DATED this 11th day of February, 2013.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge